Faht, Circuit Judge,
sitting by designation, delivered the opinion of the court:
Plaintiffs are beneficiaries of the estate of Walter Carr Senst and bring this action to recover increased retirement pay claimed to have been due the decedent, herein referred to as plaintiff, under section 208 of the Naval Eeserve Act of 1988, as amended by the Act of August 10,1946, 60 Stat. .993-94.
Plaintiff first enlisted in the United States Navy on June 5, 1908. He served for three consecutive four year enlistments, and on June 12, 1920, re-enlisted for a fourth four year term. On July 14, 1922, he was transferred to the Fleet Eeserve pursuant to a proviso of the Naval Appropriation Act of July 1,1922, 42 Stat. 786,799, which authorized the Secretary of the Navy in his discretion to transfer *476 a man to the Fleet Beserve even though he had not actively served the required sixteen years, so long as he’ would have-served for sixteen years had he been permitted to serve out his current enlistment. At the time of transfer plaintiff had actively served fourteen years and one month. “Upon transfer,” the statute provided, plaintiff was to “receive the same pay and allowances as now authorized by law for men transferred to the Fleet Naval Beserve at the expiration of enlistment after sixteen years’ service.” On January 29,1941, plaintiff was recalled to active duty and served until June 21,1946, a total of five years, four months and twenty-three-days of active service.
The Naval Beserve Act of 1938, 52 Stat. 1178, was amended in 1946 by the addition of section 208, 60 Stat. 993-94, to provide that in the case of enlisted men of the Fleet Beserve transferred thereto after more than sixteen years’service there could be added subsequent to previous service in arriving at the basis for computing their retired pay. Adding the time of active service subsequent to transfer to-the fourteen years and one month of active service before transfer plaintiff had actively served nineteen years, five months and twenty-three days, just seven days short of the-nineteen years, six months, which would have made him a twenty year man for purposes of computing retirement pay.[1]
Defendant claims principally that plaintiff was not transferred to the Fleet Beserve “after more than sixteen years’service,” and, therefore, by the literal wording of section 208-is not entitled to the benefits extended under that provision. Plaintiff’s contention is that the act of 1922, which authorized his transfer to the Fleet Beserve, gave him constructive credit for the full sixteen years’ service, and thus permitted him to add the time of his subsequent service to sixteen years instead of to his actual service of fourteen years, one month. On this basis plaintiff would be credited with over twenty years’ service and his retired pay would be computed according to the formula we approved in Sanders v. United States, 120 C. Cls. 501. Plaintiff and defendant moved for summary judgment, both agreeing that there was no genuine *477 issue of material fact. Each claimed he was entitled to judgment as a matter of law.
We are thus presented with a problem of statutory construction — whether the 1922 act under which he was transferred to the Fleet Reserve gave plaintiff constructive credit for sixteen years’ service, to which he could then add his years of subsequent service pursuant to section 208 of the 1946 act in order to determine his retired pay status.
We have held in construing similar legislation relating to retirement pay that an underlying policy of the Congress has been to retain for an enlisted man any benefit held out to him at the time of his enlistment which by later legislation was abolished or made impossible of attainment. Sanders v. United States, supra, at 510. The principle is applicable here. When plaintiff re-enlisted in 1920 for a fourth term, an important benefit held out to him was that at the expiration of his fourth enlistment he would be eligible to be transferred to the Fleet Reserve and so receive the status of a sixteen year reservist. In 1922 Congress, as part of a general reduction in armed services personnel after World War I, ordered a decrease in the number of enlisted seamen. The proviso authorizing the Secretary of the Navy to transfer men who at the end of their current enlistment would have been entitled to such a transfer was a part of the policy of retaining benefits held out to these men at the time of their enlistments — benefits which would have been abolished in many cases by the ordinary discharge of men who had re-enlisted in reliance upon being transferred to the Fleet Reserve at the expiration of such re-enlistment. The proviso specifically directed that the men transferred under the act should “receive the same pay and allowances” as were then given to the regular sixteen year reservists.
Considering the policy underlying statutory provisions relating to retirement pay together with the express direction that pay and allowance benefits were to be equal between the regular reservists and those who were made reservists under the 1922 law, it would seem that Congress meant to equalize the status of the two groups at least insofar as pay and allowances were concerned. In short, the men transferred were to be given constructive credit for sixteen years’ *478 service. Section 208 of the Naval Reserve Act of 1988, added' in 1946, permitting members of the Fleet Reserve with more-than sixteen years’ service to add years of subsequent active-service in determining their retired pay status accordingly should be applied to the class to which plaintiff belonged. We have previously held that section 208 is not to be literally-interpreted. In Abad v. United States, 136 C. Cls. 404, we-held that one who had been transferred to the Fleet Reserve-after exactly sixteen years’ service was entitled to the benefits of section 208, although the exact wording of the statute-requires “more than sixteen years’ service.” In so holding-we said: “It is not as though more than 16 years’ service was-required for transfer to the Reserve. That had never been-the rule, and was not made the rule by section 208. These* sixteen year men were in the Reserve.” The meaning of this* language is that the important factor is whether the person claiming benefits under section 208 had the status of a sixteen year reservist. If so the benefits of section 208 cannot be denied him simply because the statute specifies that its-, beneficiaries are to have “more than sixteen years’ service.”' For the reasons stated above we hold that plaintiff did have-such a status.
The defendant’s motion for summary judgment is denied" and the plaintiffs’ similar motion is granted.
Plaintiffs are therefore entitled to recover and judgment will be entered to that effect. The amount of recovery will1 be determined pursuant to Rule 38(c).
It is so ordered.
LittletoN, Judge (Bet.); LaramoRE, Judge; Whitaker,. Judge, and JoNes, Ohief Judge, concur.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on April 8, 1960, that judgment for plaintiffs Sadie L. Senst and Peggy Mae Wilson,. Beneficiaries of the Estate of Walter Carr Senst, Deceased (60), be entered for $1,405.34.

 “Provided further, That a fractional year of six months or more shall be considered a full year for the; purposes of this section in computing years of aetive Federal service and base and longevity pay . . . .” 60 Stat. 994 (1946)-